**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID DAVILA,

        Plaintiff,

v.                                                        Case No:   6:23-cv-1465-WWB-LHP

LOWES HOME CENTERS, LLC,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR ORDER COMPELLING A COMPULSORY MEDICAL EXAMINATION ("CME") AND MOTION TO EXTEND THE CASE MANAGEMENT AND SCHEDULING ORDER DEADLINES (Doc. No. 20)
>
> **FILED:** April 24, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

By the present motion, filed on April 24, 2024, Defendant asks that the Court compel Plaintiff to submit to a compulsory medical examination ("CME") under

Federal Rule of Civil Procedure 35.  Doc. No. 20.  Defendant also asks that its May 2, 2024 expert disclosure deadline be extended to accommodate the CME.  *Id.*  Defendant further asks that the Court award reasonable costs and fees for bringing the motion.  *Id.*  Plaintiff opposes.  Doc. No. 22.  For several of the reasons argued by Plaintiff in response,[1] Defendant's motion will be denied without prejudice.

First, the motion fails to comply with Local Rule 1.08 and the presiding District Judge's January 13, 2021 Standing Order.  *See In re: Local Rule Amendments*, No. 6:21-mc-3-Orl-WWB, Doc. No. 1 (M.D. Fla. Jan. 13, 2021), *available at* https://www.flmd.uscourts.gov/standing-order-judge-berger-revised-local-rules.

Second, the motion fails to comply with the requirements of Federal Rule of Civil Procedure 35, in that Defendant fails to set forth the "manner, conditions, and scope of the examination."  Fed. R. Civ. P. 35(a)(2)(B).  Merely stating that Plaintiff would "undergo testing to disclose relevant information to his claim for damages," or that the CME would cover "the nature and extent of any current or future

---

[1] To the extent that Plaintiff argues that Defendant's motion fails to comply with the Standing Order on Discovery Motions, *see* Doc. No. 12, the Court finds such contention unpersuasive, as the Standing Order does not apply to Rule 35 requests for parties to submit to physical or mental examination, or for requests for extensions of case deadlines.

- 2 -

damages that form the basis of Plaintiff's complaint," does not suffice to satisfy these requirements. *See* Doc. No. 20, at 2, 3.

Third, to the extent that Defendant is asking to extend its expert disclosure deadline to accommodate scheduling the CME,[2] Defendant fails to comply with the requirements of the Case Management and Scheduling Order ("CMSO") in requesting the extension. *See* Doc. No. 10, at 5 ("Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the

---

[2] The Court notes that the motion is not entirely clear on the deadlines which Defendant seeks to extend, as it asks to "extend the deadlines as outlined in the [CMSO]" without further elaboration. *See* Doc. No. 20, at 6; *see also id.* at 1. But because the May 2, 2024 expert disclosure deadline is the only specific deadline addressed in the motion, this Order is limited to addressing an extension of that deadline alone.

granting of the extension in support of a motion to extend another date or deadline.").

Fourth, the request for an extension is due to be denied for failure to demonstrate good cause and diligence. *See generally Ring v. Boca Ciega Yacht Club Inc.*, No. 8:19-cv-772-T-33JSS, 2020 WL 13652454, at *2 (M.D. Fla. Jan. 3, 2020) ("A Rule 35 request—which by its terms necessarily generates an expert report—needs to be timed in compliance with the deadlines prescribed by the Court." (quoting *Roberson v. Church*, No. 3:09-cv-372-J-34MCR, 2009 WL 4348692, at *1 (M.D. Fla. Nov. 24, 2009))).  As demonstrated by its motion, Defendant has been on notice of the claimed injuries in this case since it was served with the complaint on July 11, 2023. *See* Doc. No. 1 ¶ 1; Doc. No. 1-1.  And discovery has been ongoing in this Court since September 2023.  *See* Doc. Nos. 9, 10.  The present motion fails to explain why Defendant waited until February 2024 to even attempt to schedule the CME. Doc. No. 20, at 4.

The motion also fails to demonstrate diligence in scheduling the CME since that time; merely stating that counsel was too busy to conduct a meet and confer with Plaintiff does not suffice.  *See id.*; *see also Martinez v. D2C, LLC,* No. 23-21394-CIV, 2024 WL 1254376, at *2 (S.D. Fla. Mar. 25, 2024) ("Diligence means more than just being busy.").  Specifically, despite Defendant's attempt to blame Plaintiff for the inability to find an agreeable date for the CME, as demonstrated by Plaintiff's

response and attachments, the full story shows that Defendant bears a significant portion of the blame. For example, Defendant took no steps between March 4, 2024 through April 3, 2024 regarding scheduling the CME or a conferral thereon. Doc. No. 22, at 6–8. Moreover, after the April 5, 2024 meet and confer, Defendant waited an additional ten (10) days to provide Plaintiff with proposed CME dates. *Id.* at 13. And despite the parties' inability to find an agreeable date for the CME, which impasse appears to have been reached on April 19, 2024, Defendant still waited several days to file the instant motion. Doc. No. 20. Accordingly, Defendant has failed to demonstrate that, with the exercise of diligence, the current case deadlines could not have been met. *See* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citation and quotation marks omitted)); *Howard v. Wilkinson*, No. 6:17-cv-1473-Orl-40GJK, 2019 WL 10855186, at *1 (M.D. Fla. May 16, 2019) ("Rule 16(b)(4)'s 'good cause' standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with court-imposed deadlines." (citing *Sosa*, 133 F.3d at 1418)).

Accordingly, for the reasons stated herein, Defendant's Motion (Doc. No. 20) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties